UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | No. 3:CR-23-27 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| ASIANA CHRISTINE WILLIAMS, | : | (Electronically Filed) |
| Defendant. | : | |

## GOVERNMENT'S BRIEF IN SUPPORT OF MOTION
## *IN LIMINE* REGARDING REFERENCE TO PENALTIES

NOW COMES, the United States of America by its attorneys, Gerard M. Karam, United States Attorney for the Middle District of Pennsylvania, and Michelle Olshefski, Assistant United States Attorney, and herby files this brief in support of its motion *in limine*.

## I.   Background

The defendant is charged with one count of violating 21 U.S.C. § 841(a)1), Distribution of a Controlled Substance (fentanyl) Resulting in Death, on or about February 15, 2020; and a violation of 21 U.S.C. § 841(a) Possession with Intent to Distribute and Distribution of a Controlled Substance (fentanyl), on or about March 5, 2020.   In accordance with the law, the Government seeks to preclude any and all reference to possible punishment of the defendant at trial.

## II.  Argument

In this case, the jury's sole function is to determine whether the defendant is guilty of the charged violations.   Because evidence regarding punishment would not tend to prove or disprove any fact of consequence to the jury's determination of guilt or innocence, such evidence is not "relevant" as that term is defined by Fed. R. Evid. 401. Such evidence should, therefore, be excluded under Fed. R. Evid. 402. Fed. R. Evid. 402 specifically states that evidence which is not relevant is inadmissible.   The Federal Rules further provide that "[t]o the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103(d).

As the Third Circuit has ruled, trial courts have a "duty to limit the jury's exposure to only that which is probative and relevant and must attempt to screen from the jury any proffer that it deems irrelevant." *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988).

For example, the Third Circuit has held that district courts should not inform juries of the mandatory minimum sentence under the Armed

Career Criminal Act (18 U.S.C. § 924(e)). *See United States v. Jones*, 506 F. App'x 128, 130 n.1 (3d Cir. 2012) ("As Appellant concedes, it has long been held by the Supreme Court that sentencing is exclusive to the trial judge and may not be considered by juries."); cf. *United States v. Nguyen*, 344 F. App'x 821, 825 (3d Cir. 2009).

Indeed, binding precedent instructs that the punishment for the offense charged is not a proper matter for the jury's consideration. *See Shannon v. United States*, 512 U.S. 573 (1994); *United States v. Fisher*, 10 F.3d 115, 121 (3d Cir. 1993); *United States v. Austin*, 533 F.2d 879, 885-86 & n.14 (3d Cir. 1976); *see generally* 1 L. Sand, J. Siffert, W. Loughlin, and S. Reiss, Modern Federal Jury Instructions -- Criminal ¶ 9.01 (1993). As the court observed in *United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980): "The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial." Questioning and argument addressing these issues, thus, would be improper. Evidence should be excluded where it is irrelevant to the issue being tried or where it will "induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on

the evidence presented." *United States v. Vretta*, 790 F.2d 651, 655

(7th Cir. 1986) (citation omitted).

The United States Supreme Court's decision in *Shannon*

emphasizes the fundamental proposition that the singular role of the

jury is to determine the facts and that it is solely within the province of

the judge to impose sentence:

> The principle that juries are not to consider the
> consequences of their verdicts is a reflection of the basic
> division of labor in our legal system between judge and jury.
> The jury's function is to find the facts and to decide whether,
> on those facts, the defendant is guilty of the crime charged.
> The judge, by contrast, imposes sentence on the defendant
> after the jury has arrived at a guilty verdict. Information
> regarding the consequences of a verdict is therefore
> irrelevant to the jury's task. Moreover, providing jurors
> sentencing information invites them to ponder matters that
> are not within their province, distracts them from their
> factfinding responsibilities, and creates a strong possibility
> of confusion.

512 U.S. at 579. In its analysis, the Supreme Court later refers to "the

principle that jurors are not to be informed of the consequences of their

verdicts," *id.* at 580, an unambiguous dictate which the Court had

previously set forth in *Rogers v. United States*, 422 U.S. 35, 40 (1975)

("[T]he jury ha[s] no sentencing function and should reach its verdict

without regard to what sentence might be imposed."). *Shannon* reaffirmed a principle that had been settled for nearly one hundred years. *See Sparf and Hansen v. United States*, 156 U.S. 51 (1895).

In *United States v. Fisher*, supra, the Third Circuit likewise held that "a jury should not consider the consequences of its verdict." 10 F.3d at 121. This is reflected in Third Circuit Model Criminal Jury Instruction 3.16, which admonishes juries that: "You should never consider the possible punishment in reaching your verdict." In *Fisher*, the Third Circuit expounded on the "deleterious consequences" of instructing the jury on punishment, even if the jury was also instructed to disregard that fact in arriving at a verdict. *Id.* at 122. Such an instruction "brings to the jury's attention and highlights precisely the sort of information—information about the consequences of a verdict— that the jury is not supposed to consider." *Id.* Other Circuits agree. *See United States v. Pabon-Cruz*, 391 F.3d 86 (2d Cir. 2004) (jury had no legal entitlement to jury instruction regarding sentencing consequences); *Pope v. United St*ates, 298 F.2d 507, 508 (5th Cir. 1962) (defendant's requested charge regarding where he would be placed if

found insane was properly refused); *Beavers v. Lockhart*, 755 F.2d 657, 662 (8th Cir. 1985) (the duty of imposing sentence has been historically vested in trial judges); *United States v. Greer*, 620 F.2d 1383, 1385 (10th Cir. 1980) (absent a statutory requirement that the jury participate in the sentencing decision, there is nothing for the jury to decide but the guilty or innocence of the accused).

Accordingly, no references by the defendant, defense counsel, and any and all defense witnesses to punishment for the offenses charged against the defendant should be permitted.

## III.  Conclusion

Inasmuch as the law is well-settled that the jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crimes charged (*Shannon*, 512 U.S. at 579), defense counsel, the defendant, and any and all defense witnesses should be precluded from mentioning, eliciting or arguing to the jury the potential penalties the defendant will face if convicted.

For all of the above reasons the Government respectfully requests this Court to grant its motion *in limine*.

Respectfully submitted,

GERARD M. KARAM
United States Attorney

By:   /s/ Michelle L. Olshefski
      MICHELLE L. OLSHEFSKI
      Assistant U.S. Attorney

Dated:   September 19, 2023

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:CR-23-27 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| ASIANA CHRISTINE WILLIAMS, | : | (Electronically Filed) |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of September, 2023, I caused the foregoing "**Government's Brief in Support of its Motion in Limine Regarding Reference to Penalties**" to be served upon defense counsel of record for the defendant, Attorney Theron Solomon, who is a user under the ECF system.


/s/ Michelle L. Olshefski
Michelle L. Olshefski
Assistant U.S. Attorney