## LETTER TO ATTORNEY

Name: Asiana Williams
I.D: 46715-0
FEDERAL CORRECTIONAL INSTITUTION
FCI ALICEVILLE
P.O. BOX 4000
ALICEVILLE, AL. 35442

DATE: 6-15-25

TO: C.J. Rotteveel
ATTORNEY AT LAW

Address: ~~PROST~~ 410 Jefferson Ave
Scranton PA 18510

**FILED
SCRANTON
AUG 01 2025
PER___DJ___
DEPUTY CLERK**

RE: CRIMINAL CASE FILE FOR:
UNITED STATES VS. Asiana Williams
CASE NO: 3:23-CR-00027-001

Dear Cornelus J Rotteveel

This is my second request to you concerning my Case/Work File. I am also filing for an ORDER to Compel and a request for assistance with the State BAR Association. Once again, I am encouraging you to forward my ENTIRE case/word File to me. I am in need of ALL materials in your possession, or that reasonable should be in your possession, concerning my Case/Work File, to include but not limited to: All Discovery Materials, Pretrial Motions, Responses, Orders, Telephone records/recordings, transcripts, Sentencing Transcripts, Copies of the Indictment, All Warrants, Full Docket Sheet, and any emails from or to the prosecution in my case.

I am entitled to my Case/Work File, as you know, for several reasons. First, some of the Case/Work File was created during the period of time you represented me, it is my property. See Hiatt v. Clark, Ky. No.:2002-SC-455-MR (6/15/06).

Second, both the law and Amercian Bar Association recognize that you have the duty not to obstruct my efforts to seek Post-Conviction Relief. See ABA standards for Criminal Justice. Defense Functions Standards and Commentary ("The resounding message is that defense attorneys, because of their intimate knowledge of the trial proceedings and their possession of unique information regarding possible post-conviction claims, have an obligation to co-operate with their client's attemps to challenge their convictions.") In United States v. Dorman, 58 M.J. 295 (C.A.A.F. 2003); Hiatt v. Claek, supra; Maxwell v. Florida, 479 U>S> 972, 93 L. Ed. 2d 418, 107 S.Ct 474 (1986) ("The right to effective counsel fully encompasses the client's right to obtain from trial counsel, the work files generated during and pertinent to that clients defense. It further entitles the client to utilize materials contained in these files in any proceedings at which the adequacy of trial counsel's representation may be challenged."); Spivery v. Zant, 683 F. 2d 881, 885 (5th Cir. 1982) (Habeas Corpus petitioner is entitled to former trial/sentencing/appeal attorney's file and the work-product doctrine does not apply to situations in which the client seeks access to documents or other tangible things created during course of attorney's representation).

As you know, I'm gathering records and documents to support my 2255 motion attacking the Constitutionality of my conviction based upon several issues to include but not limited to Ineffective Assistance of Counsel. I ask that you do not impeded my right to file a meaningful appeal brief, 2255 motion and/or ANY POST-CONVICTION MOTIONS that may benifit myself.

Hopefully, you will act with consistency towards your obligations. I expect to have my Case/Work File within (15) days of the delivery of this Certified Letter.

Sincerely and Humbly,

Asiana Williams

Name: Asiana Williams
I.D 46171510
FEDERAL CORRECTIONAL INSTITUTION
FCI ALICEVILLE
P.O. BOX 4000
ALICEVILLE, AL. 35442

DATE: 6-15-25

TO: Bill Watt
ATTORNEY AT LAW

Address: 48 S Main St Suite 300
Pittston PA 18640

FILED
SCRANTON
AUG 01 2025
PER DJ
DEPUTY CLERK

RE: CRIMINAL CASE FILE FOR:
UNITED STATES VS. Asiana Williams
CASE NO: 3:23-CR-00027-001

Dear Bill Watt

This is my second request to you concerning my Case/Work File. I am also filing for an ORDER to Compel and a request for assistance with the State BAR Association. Once again, I am encouraging you to forward my ENTIRE case/word File to me. I am in need of ALL materials in your possession, or that reasonable should be in your possession, concerning my Case/Work File, to include but not limited to: All Discovery Materials, Pretrial Motions, Responses, Orders, Telephone records/recordings, transcripts, Sentencing Transcripts, Copies of the Indictment, All Warrants, Full Docket Sheet, and any emails from or to the prosecution in my case.

I am entitled to my Case/Work File, as you know, for several reasons. First, some of the Case/Work File was created during the period of time you represented me, it is my property. See Hiatt v. Clark, Ky. No.:2002-SC-455-MR (6/15/06).

Second, both the law and Amercian Bar Association recognize that you have the duty not to obstruct my efforts to seek Post-Conviction Relief. See ABA standards for Criminal Justice. Defense Functions Standards and Commentary ("The resounding message is that defense attorneys, because of their intimate knowledge of the trial proceedings and their possession of unique information regarding possible post-conviction claims, have an obligation to co-operate with their client's attemps to challenge their convictions.") In United States v. Dorman, 58 M.J. 295 (C.A.A.F. 2003); Hiatt v. Claek, supra; Maxwell v. Florida, 479 U>S> 972, 93 L. Ed. 2d 418, 107 S.Ct 474 (1986) ("The right to effective counsel fully encompasses the client's right to obtain from trial counsel, the work files generated during and pertinent to that clients defense. It further entitles the client to utilize materials contained in these files in any proceedings at which the adequacy of trial counsel's representation may be challenged."); Spivery v. Zant, 683 F. 2d 881,885 (5th Cir. 1982) (Habeas Corpus petitioner is entitled to former trial/sentencing/appeal attorney's file and the work-product doctrine does not apply to situations in which the client seeks access to documents or other tangible things created during course of attorney's representation).