UNITED STATES DISTRICT COURT
FOR THE **MIDDLE** DISTRICT OF **PENNSYLVANIA**

**ASIANA WILLIAMS**,
PLAINTIFF

V.

CASE NO.: **3:23-CR-00027-001**

UNITED STATES OF AMERICA,
DEFENDANT

FILED
SCRANTON
AUG 01 2025
PER ___DJ___
DEPUTY CLERK

MOTION TO COMPEL DEFENSE COUNSEL TO
SURRENDER THE CASE FILE IN THE ABOVE STYLED
ACTION TO THE PLAINTIFF OF THIS CASE

COMES NOW the Plaintiff, **Asiana Williams** in PRO SE, in necessity, and hereby MOVES this Honorable Court to ISSUE an ORDER, Compelling Defense Counsel of record, [ **Bill Whart & CJ Rotlovee** ] to surrender the Case/Work File he created in representing the Defendant. The Defendant hereby avers that the portions of her Case/Work File, that she has been denied by Defense Counsel of record, include but are not limited to:

1) Transcripts of her sentencing
2) Copy of her signed plea agreement
3) Copy of her indictment
4) Copy of all motions and ORDERS in her case
5) All discovery available by Standing Court Order
6) All other notes, letters, Correspondence, emails, and/or ANY OTHER TANGIBLE THING ASSOCIATED WITH THIS CASE.
7) Copies of all search warrants and arrest warrants

The Plaintiff hereby avers that she is filing a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. 2255 and other motions regarding post-conviction relief. For such motion to be timely, the Plaintiff must file within one year of her Criminal Conviction becoming final, or from other events according to statute. The records that the Plaintiff seeks are necessary for preparation of such pleadings and ARE THE DEFENDANT'S property. In Support, the Plaintiff shows the Court the following:

1) The Plaintiff has made attempts to call and/or has made written requests to Defense Counsel of record in hopes that he would act professionally and responsibly by turning over the Case/Work File of the Defendant to her.

2) To date, Defense counsel of record, has failed to surrender Plaintiff's ENTIRE Case/Work File to the Defendant, the Defendant asserts that, based on the FACTS that Counsel is CLEARLY aware that the Plaintiff seeks these records to pursue Post-Conviction Relief, Counsel is attempting to frustrate the (Plaintiff's) attempts to prepare a meritorious 2255 motion attacking Counsel's INEFFECTIVENESS during all crucial points of proceedings.

3) The Plaintiff seeks the ACTIVE PROTECTION of this Court through a Court ORDER directing Defense Counsel of Record to surrender the Case/Work File to the Defendant.

7) The Court may ORDER Defense Counsel of record to surrender the Defendant's Case/Work File. First, the Defendant is entitled to the Case/Work File because it was created during the time period that Counsel represented the Defendant. Second, both law and the American BAR Association recognize that Counsel has a duty not to obstruct the Defendant's attempts to challenge her conviction and/or sentence. See ABA Standards for Criminal Justice, Defense Functions Standards and Commentary ("The resounding message is that defense attorneys, because of their intimate knowledge of the trial proceedings and their possession of unique information regarding possible post-conviction claims, have an obligation to cooperate with the client's attempt to challenge their convictions."); United States v. Dorman, 58 M.J. 295 (C.A.A.F. 2003); Hiatt v. Clark, Ky. No. 2005-SC-455-MR (6/15/06). See also Maxwell v. Florida, 479 U.S. 972, 93 L. Ed. 2d 418-420, 107 S. Ct. 474 (1986) ("The right to effective assistance fully encompasses the client's right to obtain from trial counsel the work files

generated during and pertinent to that client's defense. If further entitles the client to utilize materials contained in htese4 files in any proceeding at which the adequacy of trial counsel's representation may be challenged."); Spivey v. Zant, 683 F. 2d 881, 885 (5th Cir. 1982) (Habeas Corpus petitioner is entitled to former trial attorneys file and the work product doctrine does not apply to situations in which the client seeks access to documents or other tangible things created during course of attorney representation.)

8) Finally, it's clear to Defense Counsel that the Plaintiff is diligently seeking to obtain her Case/Work File and other Tangible things. Counsel recognizes that the Defendant has a right to her Case/Work File and seems to be attempting to stall the Defendant until her statutory limitation has expired. A pro se prisoner should NOT have to fight so hard to get their personal property merely because they are behind bars the world seems to think that they do not suddenly have the same rights to view their own case. There is evidence within the Plaintiff's Case/Work File and she believes that there are unseen things that she was withheld knowledge of during the time of the counsels representation. The transcripts and copies of the warrants along with the affidavits in which the warrants were obtained are vital therefore, the Plaintiff wishes to restate her request herein that those items are to be provided in the package upon it being finally provided properly to her. The Plaintiff is saddened that she has had to come to the Court seeking aide in obtaining her own property that counsel is withholding. Counsel has been called by family and friends IN regards to sending it before the letter was sent to counsel and afterwards as well to no avail, therefore, the Plaintiff has had to come to the court requesting a court order to be issued that counsel is to provide the Plaintiff with her entire case/work file within 15 days.

WHEREFORE NOW, above premises considered, the Plaintiff, hereby MOVES this Honorable Court to ISSUE an ORDER compelling Defense Counsel of record to surrender the complete Case/Work File to the Plaintiff as pertains to the Plaintiff's Criminal case, furthermore, that counsel place these materials in large envelopes, CLEARLY MARKED: "LEGAL MAIL, OPEN ONLY IN HTE PRESENCE OF THE INMATE" and mail the large package to:

Ariana Williams #46171510, Plaintiff ID
FCI Aliceville PO Box 4000
Aliceville, AL 35442

Respectfully Submitted,

Ariana Williams

CERTIFICATE OF SERVICE

I the undersigned do hereby certify that the foregoing motion has been sent to the clerk of this court via U.S. mail postage prepaided affixed. Further she requests that a copy be provided to all parties via the EM/ECF system as she is detained and has no other means to do so.

DONE THIS 10TH DAY OF July, 2025

HUMBLY, Ariana Williams

*PLEASE FOLLOW UP WITH RESPONSE VIA MAIL/LETTER

* ANY MATERIAL PLEASE SENT TO EMAIL AS WELL: help@federal-ALERT.COM

MOST RECENT COPIES OF DEMAND LETTERS TO FORMER ATTORNEYS FOR CASE FILE MATERIAL NECESSARY FOR APPEAL BRIEF. OTHER DEMAND LETTER AND REQUEST TO DISTRICT COURTS WERE SENT TO COURT OF APPEALS ALONG WITH US CERTIFIED MAIL CONFIRMATION NUMBERS.



Asiana Williams #40171510
FCI Aliceville
PO Box 4000
Aliceville AL, 35442

9589 0710 5270 1887 6257 03

United States District Court
For The Middle District of Pennsylvania
William J Nealon Federal Building &
United States Courthouse
235 N. Washington Ave
Scranton PA, 18503

CERTIFIED MAIL

RECEIVED
SCRANTON
AUG 01 2025
PER _____ DEPUTY CLERK

USMS X-R